# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-795V

* * * * * * * * * * * * * * * * * * * * * * * *
WARREN ERBSEN,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.
* * * * * * * * * * * * * * * * * * * * * * * *

Special Master Jennifer A. Shah

Filed: December 18, 2024

*Jeffrey Pop,* Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
*Dorian Hurley,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 21, 2022, Warren Erbsen ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") from an influenza vaccine he received on November 6, 2020. *See id.* On January 22, 2024, the parties filed a stipulation, which former Special Master Katherine E. Oler adopted in a Decision awarding compensation filed that same day. ECF Nos. 37, 38. Petitioner was awarded $85,000.00 for pain and suffering. ECF No. 38.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) ("Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On July 10, 2024, Petitioner filed an application for final attorneys' fees and costs ("Fees App."). ECF No. 43. Petitioner requests total attorneys' fees and costs in the amount of $50,757.58. Fees App. at 23. Petitioner confirms that he personally has not incurred any costs related to the prosecution of his petition. ECF No. 43-5. Respondent responded to the motion ("Fees Resp.") on July 23, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Fees Resp. at 2, 5 (ECF No. 44). Petitioner did not file a reply but did file a Notice of Additional Authority on September 26, 2024. ECF No. 46.

This matter is now ripe for consideration.

I.   **Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

A.   **Attorneys' Fees**

Petitioner retained Mr. Jeffrey Pop and the Jeffrey S. Pop & Associates law firm to represent him in this matter. *See generally* Fees App. Petitioner requests a total of $35,121.50 in attorneys' fees. Fees App. at 21.

1.   **Reasonable Hourly Rates**

As noted, a reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*,

515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 895 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the reasoning of *McCulloch* and issues an annual Fee Schedule based on that decision.[3]

Petitioner requests the following rates of compensation for his attorney, Mr. Jeffrey Pop: $520.00 per hour for work performed in 2022-23, and $575.00 per hour for work performed in 2024. Fees App. at 3-10. Petitioner also requests an increased 2024 hourly rate of $480.00 per hour for Ms. Kristina Grigorian and a paralegal/law clerk hourly rate of $185.00. *Id.* at 10-19. Respondent did note Petitioner's requested increased hourly rate for 2024 and urged the Court to consider counsel's experience in the Vaccine Program, overall legal or medical experience, quality of work, and reputation. *See* Fees Resp. at 3. Respondent did not raise any specific concerns or reasons why I should not award counsel's requested increased hourly rate.

Chief Special Master Corcoran has approved counsel's increased 2024 hourly rates, and I find them to be reasonable as well. *See, e.g., Smith v. Sec'y of Health & Hum. Servs.,* No. 21-965V, 2024 WL 4542749 at *1 (Fed. Cl. Spec. Mstr. Sep. 19, 2024); *Trevis v. Sec'y of Health & Hum. Servs.,* No. 21-100V, 2024 WL 4542660 (Fed. Cl. Spec. Mstr. Sep. 19, 2024).

### 2. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time

---

[3] The 2022 Fee Schedule can be accessed at:
https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf;
The 2023 Fee Schedule can be accessed at https://uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2023.pdf;
The 2024 Fee Schedule can be accessed at: https://uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2024.pdf.
The hourly rates contained within the schedules are updated based on *McCulloch*, 2015 WL 5634323.

spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$35,121.50**.

**B. Reasonable Costs**

Petitioner requests a total of $15,636.08 in attorneys' costs: $12,100.00 for Dr. Steven Sykes's work in this case; $187.18 for shipping costs; $2,946.90 for medical record requests; and $402.00 for the Court's filing fee. *See* Fees App., Ex. 2 at 1. Petitioner provided documentation of the shipping costs, medical record requests, and the Court's filing fee, and I find those expenses to be appropriate.

**1. Dr. Steven Sykes's Expert Rate**

Dr. Sykes was previously awarded an hourly rate of $500.00 per hour for his work in 2022 but requests an increase to $550.00 per hour for work performed in 2023 and beyond. *See* Fees App., Ex. 3; *see also Robinson v. Sec'y of Health & Hum. Servs.*, No. 18-52V, 2022 WL 1554653 at *2 (Fed. Cl. Spec. Mstr. April 5, 2022). Per Petitioner, Dr. Sykes's hourly rate of $500.00 has been in effect since 2015 and warrants an increase based on his continued medical expertise, as well as inflation. Fees App. at 22-23. Respondent did not object to Dr. Sykes's increased rate but noted that experts who appear on behalf of Respondent are paid $375.00 per hour. I find Petitioner's argument for the increase in Dr. Sykes's hourly rate to be persuasive.

I grant Petitioner's requested costs of **$15,636.08** in full.

**II. Conclusion**

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fee and cost awards, and based on the foregoing, I **GRANT** Petitioner's application, as follows:

- A lump sum in the amount of **$50,757.58**, representing reimbursement of Petitioner's attorneys' fees and costs, in the form of a check jointly payable to Petitioner and his attorney, Jeffrey Pop.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/ Jennifer A. Shah
Jennifer A. Shah
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).